## BENEFICIAL LOAN SOCIETY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 39001, 40121.   Promulgated August 17, 1932.

Jackson R. Collins, Esq., for the petitioner.
O. J. Tall, Esq., for the respondent.

OPINION.

MURDOCK: The Commissioner determined deficiencies as follows for the consolidated group headed by the petitioner:

| Docket No. | Fiscal year ended Jan. 31 | Deficiency |
|---|---|---|
| 40121 | 1924 | $904.37 |
| 39001 | 1925 | 15,829.31 |

The respondent made claim that the deficiency for 1925 should be increased to $15,853.87. The petitioner agreed that all of the tax for the group should be assessed against and paid by it. The facts have been presented by means of a stipulation, which need not be set forth in full here.

The petitioner is a Delaware corporation organized in 1913. Through a number of unincorporated branches and with a number of affiliated corporations it was engaged solely in the business of making industrial loans. The group consisted of 29 corporations in 1923, but during the next two years a number of new corporations were formed and took over the business of most of the branches so that in each year the group included over sixty corporations. Some of the corporations specialized in services from which the others benefited.

The stipulation shows for each of the three fiscal years 1923, 1924, and 1925 the income or loss of each corporation and branch, the amount of dividends each received from outside companies in 1923 and the amount of intercompany dividends for that year. All of the latter were received by the petitioner. Some of the companies had income in 1923, but the losses of others exceeded the total income of the group and no tax was due on the consolidated return for 1923.

The petitioner contends that the 1923 losses, undiminished by intercompany dividends, should be carried forward to offset 1924 and 1925 income. The respondent would reduce the petitioner's loss for 1923 by these dividends in computing its statutory net loss. The petitioner further contends that the income of the group for 1924 and 1925 should be offset by the full amount of the group loss for 1923, offsetting a branch loss against corporate income where a corporation succeeded a branch unincorporated in 1923. The respondent concedes that there were statutory net losses in 1923, but contends that each net loss may offset only the income of the same corporation for later years, and that corporations which were not in existence in 1923 can not have any losses for 1923 set off against their income for 1924 and 1925. He further contends that the total of all statutory net losses of the separate companies in 1923 may not

exceed the total net loss of the group for that year, since otherwise losses would be used twice to absorb income of the group. He would, therefore, eliminate from the loss of each company having a loss in 1923 a proportionate part of the total losses necessary to absorb the income of the earning companies in 1923.

The statutory net loss provisions are to be applied separately to each member of an affiliated group. Where some members of the group, as here, have losses and others have income in 1923, but the total loss exceeds the total income of the group, the losses are first used to absorb the income and the excess loss is distributed proportionately among the members having losses. The amount thus apportioned to each company having a loss is used to compute the statutory net loss of that company. *Swift & Co.* v. *United States*, 38 Fed. (2d) 365; *Kaiwiki Sugar Co.*, 21 B. T. A. 997. In the following year this statutory net loss may be used to offset any income which that particular company has for the year before being reduced by any losses of its affiliates. If there is an excess of loss it is carried over to the third year. See *Delaware & Hudson Co.*, 26 B. T. A. 520. Cf. *Woolford Realty Co.* v. *Rose*, 286 U. S. 319; *Planters Cotton Oil Co.* v. *Hopkins*, 285 U. S. 533. Companies having income in 1924 and 1925 may not offset against that income the 1923 loss of the unincorporated branches of the parent.

This disposes of all of the questions raised in these proceedings except that relating to intercompany dividends. The petitioner alone received these dividends and it had losses in all three years; therefore, we need not decide how its statutory net loss for 1923 should be computed. The parties rightly concede that outside dividends must be deducted from the unabsorbed losses in computing statutory net losses for 1923.

*Judgment will be entered under Rule 50.*